Citation Nr: 1504657 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 12-33 806 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to service connection for a right foot disability, to include as secondary to service-connected knee disabilities. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 


INTRODUCTION

The Veteran had active naval service from December 1973 to April 1976. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a March 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania. 

This case was previously before the Board in November 2013, at which time it was remanded for additional development. The case has now been returned to the Board for further appellate action. 


REMAND

The Board finds that additional development is required before the Veteran's claim on appeal is decided. 

In the November 2013 remand, the Board directed that the Veteran be provided a VA examination to determine the nature and etiology of any right foot disability. The examiner was directed to specifically provide an opinion as to whether the Veteran's right foot disability was caused or aggravated by service-connected knee disabilities. 

A review of the record shows that the Veteran was provided the requested examination in April 2014. The VA examiner opined that the Veteran's right foot disability was less likely as not proximately due to or the result of the Veteran's service-connected condition. The examiner noted that the Veteran's other activities such as jogging, playing softball, kneeling, walking the golf course, and working on cars placed a great deal of stress of the right first metatarsophalangeal joint. The examiner concluded that it was therefore more likely that the Veteran's other athletic activities caused the right foot disability. 

The Board finds the April 2014 opinion to be incomplete. The Board notes that the Veteran has claimed entitlement to service connection for a right foot disability primarily based on a theory of secondary service connection. While the examiner provided an opinion with regard to whether the Veteran's service-connected knee disabilities caused a right foot disability, the examiner did not provide an opinion as to whether the service-connected knee disabilities aggravated any right foot disability. 

Therefore, the Board finds that the development does not comply with the directives of the November 2013 remand. Compliance with a remand is not discretionary, and failure to comply with the terms of a remand necessitates remand for corrective action. Stegall v. West, 11 Vet. App. 268 (1998). Accordingly, the Veteran should be scheduled for a VA examination to determine the nature and etiology of a right foot disability.

Additionally, attempts to identify and obtain current treatment records should be made before a decision is made in this case.

Accordingly, the case is REMANDED for the following action:

1. Identify and obtain any outstanding VA and private treatment records that are not already associated with the claims file. 

2. Then, schedule the Veteran for a VA examination to determine the nature and etiology of any current right foot disability, to include hallux rigidus of the right great toe. The claims file must be made available to and reviewed by the examiner. Any indicated studies should be performed. The rationale for all opinions expressed must be provided. Based upon the examination results and the review of the record, the examiner should provide an opinion as to whether any current right foot disability, to include hallux rigidus of the right great toe, was at least as likely as not (50 percent probability or greater) caused by service-connected knee disabilities. The examiner should also provide an opinion as to whether any current right foot disability, to include hallux rigidus of the right great toe, was at least as likely as not (50 percent probability or greater) aggravated (permanently increased in severity beyond the natural progress of the disorder) by service-connected knee disabilities. The examiner should specifically address the Veteran's complaints that walking with a limp as a result of the left knee disability caused the right great toe pain.

3. Then, readjudicate the claim. If the decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the claim to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).